State ex rel. Gravois et al. vs. Judge Twenty-Second Judicial District Court et al.

---

No. 8273.

THE STATE OF LOUISIANA EX REL. ERNEST GRAVOIS ET AL. VS. THE JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JAMES ET AL.

Pending a suspensive appeal from an order dissolving an injunction on bond, the injunction itself remains in full force and its restraining effect should not be, in any manner, impaired by any subsequent action of the lower Court.

A counter-injunction in the meantime should, therefore, not be granted and is an invasion of the appellate jurisdiction of this Court, and, in the premises, an indirect disobedience of its mandate ordering the original injunction to be re-instated.

A Mandamus lies to compel the lower Court to grant a suspensive appeal from its order dissolving on bond another injunction taken by the original plaintiffs in injunction and other parties, for the same restraining purposes.

And a Prohibition lies to prevent said lower Court from permitting the execution of the order to bond and from violating in other manners the original injunction, during the suspensive appeal from the order dissolving the same on bond.

APPLICATION for Mandamus and Prohibition.

---

*Rob't G. Dugué* for the Relators:

An appeal lies from an order dissolving an injunction on bond, whenever it may cause irreparable injury—The injury is irreparable when the act complained of amounts to a change of possession of immovable property.

A mandamus lies to compel a district judge to grant an appeal from such an order, and he will be prohibited from enforcing it until the appeal is determined. 14 An. 57; 11 An. 39; 22 An. 512; 24 An. 154; 26 An. 603; 23 An. 51.

*A fortiori,* he cannot enforce it, when it has been set aside on appeal.

Pending an appeal from an order dissolving an injunction on bond, a counter-injunction cannot be allowed. 28 An. 143; 210; Opin. Bk. 45, p. 507.

State ex rel. Gravois et al. vs. Judge Twenty-Second Judicial District Court et al.

Where an appeal is granted and the appeal bond filed within ten days from the date of the judgment appealed from, any attempt to execute it before the expiration of the ten days, is unauthorized, and has no effect. 27 An. 431; C. P. 575.

A judge has no authority to rescind an injunction at chambers and without bond, on the *ex parte* application of one of fifty defendants, and without notice to the plaintiffs. 31 An. 171; 29 An. 362.

Where two injunctions are conflicting and are so irreconcilable that both cannot subsist together, the last injunction cannot be enforced pending the existence of the first.

A mandamus may be issued, even when a party has other means of relief, if the slowness of ordinary legal forms is likely to produce too much delay. It should be issued in all cases where justice and reason require that some mode should exist of redressing a wrong or abuse. C. P. 830; Const. 1879, Art. 90.

## *Sims & Poché* for the Respondents :

The facts are succinctly stated in the answers filed by the District Judge and the defendant, Falgoust.

The order granted by the judge on the 30th of March, 1881, annulling the order of injunction signed on the same day, in the matter of Ernest Gravois et al. vs. Felix Falgoust et al., was the exercise of a power inherent in all countries to set aside *ex parte* orders when in their judgment necessary to promote the ends of justice.

If the inferior court discovers that an order given by it is erroneous, it may itself set it aside, and the same power may be exercised by the Supreme Court. 3 N. S. 392; 6 An. 548; 9 An. 336; 11 An. 728; 12 An. 345; 33 An. 30; Hennen, p. 330, No. 3, and authorities cited.

The rescinding order was filed on the 30th of March. It was granted and filed while the order of injunction endorsed on the petition of Gravois et al. vs. Falgoust was still under the control of the judge. At that time the plaintiffs (relators herein) had not filed any petition, bond or other paper in that suit, nor had they made any attempt to do so.

The writs of injunction, erroneously issued by the clerk after the order of injunction had been rescinded by the judge, were mere nullities, and were set aside at the instance of Falgoust to prevent irreparable injury.

The appeal granted by the judge from the order annulling the order of injunction did not reinstate the rescinded order. The only effect of that appeal was to enable the relators to have the authority or power of the judge, under the circumstances of the case as it then stood, to rescind the order of injunction, reviewed and passed upon by this Court on the trial of the appeal.

We cite by analogy Art. 23 of the Civil Code : "The repeal of a repealing law does not revive the first law." So, an appeal from an annulling order does not revive the annulled order.

If this Court should, on appeal, affirm the rescinding order or dismiss the appeal, the unauthorized action of the clerk and the parties in the meantime would have caused confusion in the administration of justice, and would have worked irreparable injury to the defendant, Falgoust.

The order of appeal prayed for, from the order setting aside the unauthorized writ issued by the clerk, was properly refused. This last order was obtained by Falgoust under reservation of his right to treat the acts of the clerk as absolute nullities, and was resorted to to protect his property against wrongful and irreparable injury. It was in the nature of a declaration of the nullity of the clerk's action in the face of a positive prohibition by the judge.

In appealing from the rescinding order, relators exhausted their remedy.

Since that appeal was taken, neither the defendant, Falgoust, nor the judge has done any act which constitutes an invasion of the rights of the relators under that appeal or the appellate jurisdiction of this Court. Falgoust is simply trying to vindicate his rights before the Court.

The injunction suit of Jones et al. vs. Falgoust, No. 770, is not before this Court now. It was

brought up on an incidental or preliminary question as to the right of the defendant to have the injunction dissolved on bond. which your Honors have disposed of and the cause is pending before the District Court. The appellate jurisdiction of this Court is in no manner, shape or form involved in that case at this time. Only one of the relators here is a party to that suit, which is awaiting trial before the District Court.

The injunction in the suit of Felix Falgoust vs. Jean Jones et al., No. 773, was rightfully granted by the judge. The allegations of that petition fully set forth the grounds of plaintiff's complaint and distinctly charged the wrongful acts of the defendants, with consequent irreparable damage and injury to him and his property. 29 An.

That suit is pending before the District Court, and this Court has acquired no jurisdiction over it.

The position taken by the relators in their petition to this Court, that because one of them obtained an injunction against the defendant, Falgoust, in suit No. 770, which has never been tried, he was thereby precluded and estopped from invoking the process of the courts for the purpose of protecting his property against spoliation and destruction and wrongful appropriation by the plaintiffs in that suit, is the boldest and baldest of assumptions.

In Wells vs. City of New Orleans, 32 An. 676, this Court said: "The city of New Orleans has the right to avail itself of the remedy which the law gives.    *    *    *    *    It can hardly be contended, and we surely will not recognize the proposition, that the judge of the Sixth District Court, by granting to Wells the preliminary injunction, intended or contemplated to forbid the city a resort to legal proceedings and auxiliary legal remedies, or, in other words, virtually enjoined itself from the exercise of judicial powers. It would be an unmeasurable construction to place upon the wording of the writ of injunction 'restraining from closing up or interfering with the business of petitioner' to stretch its meaning to include an inhibition on the city to bring suit and seek by legal means to enforce in the courts the collection of its claim. If such had been the avowed object of the plaintiff, we do not think his prayer for an injunction should have been entertained. We construe the injunction issued against the city as being confined in its restraining character to interference by extrajudicial means for non-payment of license."

In the same case your Honors held that the matter at issue between Wells and the city in that litigation, was "a question involved in the suit now pending and to be decided by the Sixth District Court."

The suit of Felix Falgoust vs. Pierre Portal et als., referred to in the petition of relators, embraces all of the relators who were not enjoined in the suit No. 773. An injunction was sought and obtained to arrest the relators in their acts of high-handed and outrageous lawlessness, and that they were thereby prohibited from destroying Falgoust's property or going on his plantation at any point or upon any pretext, except by way of the public Vacherie cross-road which traverses it.

The relators sought under cover of an injunction to continue and perpetuate their wrongful and criminal acts. When their identity and purpose was exposed, the judge performed a simple duty in promptly rescinding the order which, under the circumstances, he had unadvisedly and improvidently signed, and his signature to which the relators had wrongfully procured.

The suit of Falgoust vs. Portal et als. is pending before the the District Court. It was not, prior to the application of the relators, before this Court on any question, incidental or otherwise. The appellate jurisdiction of your Honors is in no manner involved therein.

These three injunction suits, therefore, Jones et al. vs. Falgoust, Falgoust vs. Jones et al., and Falgoust vs. Portal et al., are all now pending before the District Court of St. James where they are to be tried and determined on the issues raised in each respectively by the pleadings.

The object of the relators in this proceeding is obvious. They would have your Honors take original jurisdiction of and try on the merits, those three pending injunction suits upon a state of facts made up by them. This they expect to accomplish by creating confusion

in the mind of the Court as to the existing state of facts and the actual status of those suits and by lugging the latter into a totally irrelevant side issue before this Court. To state the facts as they do exist is to expose this sinister design on the part of the relators.

The opinion of the Court was delivered by

FENNER, J. On October 25th, 1880, Jean Torres and Désiré DeBlanc (two of the present relators), obtained, in the District Court for the parish of St. James, an injunction restraining Felix Falgoust, his friends, agents and servants, from closing, changing, or in any way obstructing a certain alleged public road running through the lands of said Falgoust, and also from undoing, destroying or otherwise interfering with any repairs which the said plaintiffs may make or cause to be made on the said road.

On the 3d of November, Falgoust applied for, and obtained, an order dissolving the injunction on bond, and made and filed his bond on the same day.

On the 6th of November, the plaintiffs applied for and obtained a suspensive appeal from the dissolving order, which was brought to this court, and, after hearing, we rendered our decree reversing the dissolving order and ordering the injunction to be reinstated and the case remanded to be proceeded with according to law.

The effect of the suspensive appeal and of our decree therein was, in contemplation of law, to continue the injunction in uninterrupted force from the date of its issuance until it shall be finally dissolved in accordance with law.

The scope and effect of the injunction, as apparent from its terms, were, unquestionably, to maintain, during its pendency, the *status* of the road as a public road, and to prevent Falgoust from obstructing and interfering with its use as such.

In the ordinary course of judicial proceedings, the parties and all persons, as good citizens, would have patiently abided the final determination of that cause for a solution of their respective rights.

But, on the 3d of November, before the suspensive appeal was applied for, but during the delay allowed therefor, Falgoust applied for and obtained an injunction against Torres and DeBlanc, restraining the latter, in effect, from entering or crossing his place, through the same road, which he had been enjoined from obstructing, or preventing them from passing over, or from in any manner interfering with him in the use and enjoyment of his said property.

It is plain that this injunction is counter to, and destructive of, the prior injunction, and should not have been granted until after the delay for suspensive appeal from the dissolving order had expired. When the suspensive appeal was taken, the last injunction became inoperative and

void, as, substantially, an invasion of the appellate jurisdiction of this Court, under the principles decided in State ex rel. Larrieux vs. Judge, 28 An. 143; State ex rel. Frelot vs. Judge, 28 An. N. R.

It could furnish no shelter or excuse whatever to Falgoust for violating the injunction against him.

Torres and DeBlanc took a rule to dissolve the last, as being inconsistent with the first, injunction, and to punish Falgoust for contempt in violating the latter. Although it was admitted on the trial of the rule, that Falgoust had built fences across the road and prevented any one from passing, the rule was discharged, virtually sanctioning his violation of the original injunction.

It is alleged and admitted, though the record is not before us, that subsequently Falgoust sued out an injunction, to the same effect as the one against Torres and DeBlanc, against thirty-one other persons including four of the present relators, preventing them from using the road.

Thereafter, the present relators, viz: Gravois, Steil, Webre, DeBlanc, Torres, and Sévin, brought an injunction suit, containing substantially the same allegations as those presented in the original suit of Torres et al. vs. Falgoust, joining as defendants, not only Falgoust, but his brother and numerous other persons charged to be his relatives, servants and friends, and praying for an injunction restraining all of them from obstructing the road, or interfering with the petitioners in the use of it. The petition was presented to the judge at chambers in a different parish, who granted and endorsed on the petition his order for the injunction. After the counsel who presented the petition had left, with the order, on his return to the parish of St. James, Falgoust, through his attorney, presented to the judge a petition praying for the rescinding of the order just granted, and the judge immediately gave his order rescinding it and prohibiting the clerk and sheriff from issuing or serving any process thereunder.

It seems that, by superior speed, the rescinding order reached the clerk's office in St. James before the order for the injunction, and the clerk refused to issue the latter. Thereupon, the plaintiffs in injunction applied to the judge for a suspensive appeal from his rescinding order, which was granted, and the injunction was then issued. Falgoust then applied for an order allowing him to dissolve the injunction on bond, and, although the case was precisely similar to that of Torres et al. vs. Falgoust, in which we held that such an injunction could not be bonded, the judge granted the order.

From this order, the plaintiffs applied for a suspensive appeal, which the judge refused, assigning the following written reasons: " I have refused the appeal prayed for in the within petition on the grounds that there are four injunctions pending in the same cause of action."

Relators, in the present proceeding, apply (1st) for a mandamus to compel the judge to grant the suspensive appeal; (2d) for a writ of prohibition, restraining the judge and also Falgoust from executing the order to bond and from violating or permitting others to violate the orders of injunction in the suit just referred to, and also in the former suit of Torres et al. vs. Falgoust, and from enforcing the orders of injunction in the suits of Falgoust vs. Torres et al., and Falgoust vs. Portal et al., until the orders of injunction in the two first mentioned cases shall have been finally and legally set aside by proper proceedings.

1st. As to the mandamus prayed for, the judge, in his answer, justifies his refusal of the appeal, on the ground that the order for injunction having been rescinded before action thereon by relators or the court, there was nothing on which the jurisdiction of the court could operate. The pendency of the injunction proceeding has been recognized by both the judge and Falgoust too clearly to permit the present defense to be entertained. The granting of the suspensive appeal from the dissolving order; the application of Falgoust to bond the injunction; the granting of the order to bond; the reasons assigned by the judge for refusing the appeal from the latter order—all establish and concede the existence and operation of the injunction, which, under the suspensive appeal from the rescinding order, stands as if it had never been rescinded, and the position now taken by the judge appears to be an afterthought and cannot be sustained. It was clearly his duty to grant the appeal.

2d. As to the Prohibition.

The state into which this litigation has been permitted to drift, by the contradictory orders and injunctions granted by the inferior court, is a reproach to the administration of justice.

It is perfectly patent that the entire subject-matter of controversy in all the suits referred to herein, was fully and completely embraced in the original suit of Torres et al. vs. Falgoust (as is apparent from the judge's own statement, that the four injunctions are in the same cause of action), and until the final disposition of the injunction granted therein, there was no possible excuse for granting any contradictory injunctions or orders in favor of defendant or any body else, touching the use of the same alleged public road; and none for declining to enforce, in its letter and spirit, the said injunction.

The first counter-injunction of Falgoust, if it had been issued after the suspensive appeal was taken by Torres and DeBlanc from the order dissolving their injunction, would have been undeniably an invasion of our appellate jurisdiction, as decided in the two cases already quoted. The same result attached the moment the suspensive appeal was taken.

Nor did the injunction take new life, when, by our decree in that

case, we reinstated the injunction. It was, therefore, inoperative, and the court had no jurisdiction to enforce it. It should have been dissolved, on the motion of the counsel for Torres and DeBlanc, and Falgoust would have been punishable for contempt but for the apparent excuse of this counter-injunction, and should, at least, have been warned that his violation of the original injunction would not be tolerated.

His subsequent injunction proceeding against Portal and others, including some of relators, was equally improper and inconsistent with the injunction against him, so far as it interfered with the use of the " Manche " road, and his injunction should have been denied. The injunction against him was based on the charge that the road was public, and in actual possession and use by the public, and the injunction against its obstruction, though invoked by Torres and DeBlanc alone, necessarily enured to the benefit of the whole public.

We regard the acts of Falgoust and of the judge in maintaining and enforcing the first injunction granted to him and invoking and granting the second injunction prayed for by him, as an indirect mode of disobeying our mandate rescinding the dissolution on bond of the original injunction against Falgoust and reinstating the same. That they are so regarded by both Falgoust and the judge, is apparent from the fact that the former holds them up as authority for building fences across the road, in direct violation of the original injunction, and the judge sustains his pretension by maintaining his counter-injunctions and refusing to regard such action as a contempt. The judge, in thus practically nullifying and defeating the execution of our mandate, exceeds the bounds of his jurisdiction, and both he and the party subject themselves to the remedy of prohibition. It is manifest that the relators have no other adequate relief.

The record establishes that these contradictory and inconsistent judicial proceedings have produced the consequences which might naturally be expected to flow from them. Each party has felt that his own injunction authorized him to violate that obtained by the other, and the result has been that one party obstructs the road, and the other forcibly removes the obstructions, in turn, bringing the law into contempt and threatening the peace of the community.

Such a state of affairs cannot be tolerated and must be summarily suppressed.

If we had doubt as to our jurisdiction under the rules ordinarily governing the administration of the writ of prohibition, we should feel justified, in such a case, in invoking the general supervisory power conferred by Article 90 of the Constitution.

We think relators are entitled to the entire relief asked by them, with the modification that so far as the prohibition restrains the enforce-

ment of the injunctions in the suits of Falgoust vs. Torres et al. and of Falgoust vs. Portal et al., it applies only to their enforcement so far as they conflict with the opposing injunctions, and so far as they authorize interference with the free use of the " Manche " road by relators, during the pendency of their injunctions. As far as they may operate to prevent other unlawful trespasses on Falgoust's property, they are not interfered with.

We wish it distinctly understood, that we intimate no opinion on the merits of this acrimonious controversy. It may be that the relators have, as charged by Falgoust, abused the equitable remedy of injunction, but that question can only be determined when the merits shall come before us. Had Falgoust been the first to invoke the restraining action of the court, under the proper allegations of possession of the immovable in controversy, he would have received, at our hands, the same protection which we now extend to his adversaries.

The matter once put at proper issue, must abide the orderly course of judicial proceedings.

It is, therefore, ordered that the provisional writs of mandamus and prohibition herein issued be now made peremptory, at defendants' costs.

Justice POCHÉ recuses himself, having been consulted as counsel.

### ON APPLICATION FOR REHEARING.

The opinion of the Court was delivered by

LEVY, J.   Under the light of the able briefs of counsel for respondent, Falgoust, of which, by accident, we had not the advantage before rendering our original opinion, we have carefully re-examined all the questions involved, without finding any reason for changing our decree.

We fail to perceive the hardships, which it is urged, our decree inflicts upon Falgoust.

The error under which his counsel rests, as it seems to us, is in treating the original suit and injunction of Torres and DeBlanc vs. Falgoust, as if it were an action to enforce in plaintiffs' favor a mere private and personal servitude or right of way over the land of Falgoust. Such is by no means the case.   Torres and DeBlanc appeared simply as members of the public, asserting rights common to the whole public, and which could not exist in *their* favor without existing, at the same time, in favor of *every other* member of the public.   The question involved was the *status* of the road; the decree prayed for was that it be judicially declared to be a public road; the relief sought by injunction was to maintain its status, as a public road, during the pendency of the litigation and to prevent its obstruction or interference with its use, as such, by Falgoust.

Without finally committing ourselves on so delicate a question, we incline strongly to the opinion that a final decree in this case, in the absence at least of suggestions of fraud or collusion, would have been *res judicata* against all the world, under the same principles which give that effect to judgments settling the *status* of persons.   Caballero vs. Maduel, 26 An. 113.

We do not see how, after a final judgment had been rendered declaring a road to be public, and forbidding defendant, perpetually, from obstructing it, another final judgment could be afterwards rendered declaring the same road to be private property and authorizing the same defendant to control it as owner.   The same considerations apply to the injunctions *pendente lite*.

The suggestion that the effect of our decree is to violate Falgoust's constitutional rights by refusing him access to the courts, is without foundation.   Far from denying his right to enter the courts, we hold that, he is actually *in* the courts, and being there, must abide the orderly determination of his rights, without provoking conflicting remedies under the same issues.

The complaint that our decree leaves relators free to commit all kinds of outrages and trespasses on defendant's property and deprives him of legal redress, is equally unfounded.   We were careful to confine the effect of our decree within proper limits, by interfering with defendant's injunctions only so far as they authorized obstruction of the "Manche" road, during the pendency of the litigation, and leaving their operation untrammeled so far as they restrained unlawful trespasses on his property.

It is needless to recapitulate the principles on which we granted the relief sought, because they are fully set forth in the original opinion. Nor do we find it necessary to consider nicely the technical objections urged to the mode of relief under our ordinary methods of procedure. If article 90 of the Constitution, conferring upon us a general supervisory jurisdiction, is ever to receive application, outside of general rules, the present is emphatically an occasion for its employment and exercise, in the interest of orderly judicial proceedings, of public convenience, and even of the public peace.

At the time when this litigation began, the road in controversy, whether actually public or private, was an open road.   We cannot conceive how the terrible consequences intimated can flow from simply maintaining that existing status until the right of the defendant to close it, distinctly at issue in this litigation, shall be therein determined.

Our former decree must remain undisturbed.

The rehearing is refused.

Justice POCHÉ recuses himself.