No. 9313.

W. B. SCHMIDT vs. F. E. FOUCHER ET AL.

A suspensive appeal does not lie from an interlocutory decree dissolving an injunction, where the dissolution is permissive only of an act, the commission of which cannot cause any irreparable injury.

The effect of the dissolution of an injunction issued against an actual possessor of real estate, to prevent him from collecting the rents thereof, is to place the parties in the condition which they occupied before the writ asked was allowed.

The injury resulting to plaintiff—should he finally succeed in his petitory action—could be ascertained, computed and liquidated into dollars and cents. Such injury is not irreparable.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

*W. S. Benedict* for Plaintiff and Appellee.

*Chas. Louque* for Defendants and Appellants.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The injunction issued in this case, was dissolved on a rule, previous to trial on the merits.

The plaintiff appeals from the decree of dissolution.

The defendant and appellee claims that, as the dissolution of the injunction is permissive of an act, which cannot cause the plaintiff irreparable injury and as the dissolving decree is interlocutory only, no suspensive appeal lies from it. He therefore, moves for a dismissal.

Schmidt vs. Foucher et al.

The injunction issued against defendant to prevent the collection of rents of property, which plaintiff claims to belong to him; but, of which defendant had actual possession 'when the writ was obtained.

The Code of Practice (566) provides, that one may appeal from all interlocutory judgments, when such may cause him an irreparable injury.

To ascertain whether an appeal lies in such cases, it is only necessary to ascertain whether the interlocutory order, if unappealed from, would authorize an act, the consummation of which might cause irremediable wrong. If the act can cause such injury, the appeal lies; if it cannot, the appeal does not lie.

The exercise of the power to dissolve an injunction, can be reviewed on appeal, only where the act prohibited is such as, if committed, may occasion damage not susceptible of being indemnified.

The erroneous unfettering of the party enjoined and permitting him to do an act irreparably mischievous, confers a right of appeal under the express terms of the law; but in that event only.

No appeal has ever been maintained from an interlocutory decree dissolving an injunction, unless the effect of the dissolution was such as would cause irremediable injury.

Where the wrong apprehended, if consummated, is such as can be ascertained, computed and liquidated into dollars and cents, suspensive appeal does not lie from the dissolving order. Neither would a devolutive appeal lie from it, for the reason that its correctness can be reviewed on due appeal from the judgment on the merits of the case.

It is immaterial whether the injunction be dissolved on bond or otherwise. An appeal lies only where, if the dissolving order is not appealed from, injury, not reparable, would be sustained.

The averment, though sworn to, that unless prevented, the apprehended act, if committed, will occasion irreparable injury is not conclusive on the court. The showing must be such as leaves no doubt, on the character of the injury sought to be guarded against 3 Ann. 217; 14 Ann. 57; 16 Ann. 83, 396; 17 Ann. 320; 21 Ann. 736; 23 Ann. 151, 51; 3 R. 437; 12 R. 488; 32 Ann. 1192; 36 Ann. 833, and many others.

The suit is petitory in character. The plaintiff alleges that he acquired the property from Foucher, who continued to occupy half of it with his wife, and who subsequently, on vacating the same, rented it to a party named, whom he even sued for the rent, recovering judgment, notwithstanding plaintiff's resistance to the claim before a city

court. The plaintiff further alleges that he is in possession of the other half. The prayer is, that Foucher and wife be cited, that plaintiff be recognized as owner of the property, and for damages against them, and that Foucher and his wife be enjoined from collecting the rents from the tenant.

Mrs. Foucher answered, claiming title to the property under a transfer from her husband, and Foucher appeared charging the nullity of the title averred by plaintiff.

The contention as to the ownership of the property is between plaintiff and Mrs. Foucher.

The effect of the dissolving order made on the rule, is to restore things to the condition in which they stood when the injunction was obtained and issued, that is, it retains actual possession of the property where it stood at the time.

The injury which may result to the plaintiff in consequence, would consist in a deprivation of the enjoyment of the property *pendente lite*, a wrong, which, if plaintiff be ultimately successful, can well be ascertained and reduced into dollars and cents, some way or other. 36 Ann. 833.

The damage, if any be sustained, occasioned by any act consequent on the dissolution of the injunction, cannot therefore be said to be irreparable.

The acts complained of do not amount to a trespass. The effect of the dissolution does not change the possession, and the injury is reparable.

If it be true that the court erred in dissolving the injunction, it is an error which can be remedied before or by the final judgment in the case.

Under such circumstances, a suspensive appeal does not lie. 33 Ann. 133; 22 Ann. 512; 24 Ann. 154; 30 Ann. 685; 34 Ann. 1210; 35 Ann. 515; 33 Ann. 1560; 36 Ann. 833.

It is therefore ordered and decreed, that the motion prevail and that the appeal be accordingly dismissed, at appellant's costs.