The opinion of the court was delivered by
Breaux, J.
The plaintiff brought suit to be quieted in the possession'of lands he describes in his petition, of which he says he has been violently and fraudulently dispossessed by the defendant.
A writ of injunction was granted to him as auxiliary to the principal relief sought.
The defendant, on motion, applied to be allowed to bond the injunction.
The motion was granted, save as to certain unimportant exceptions.
An appeal was granted to the plaintiff from the order to bond the injunction.
The plaintiff had not been twelve months in possession on the day of the alleged disturbance of his possession.
The character of the disturbance, though within a year after the plaintiff had gone into possession of the property, stamps the action be urges, under Art. 49 of the Code of Practice, as possessory.
In his motion to be permitted to bond, the defendant alleged that he had been in the open and peaceable possession of the property he describes, and was cultivating the land without opposition from the plaintiff.
It may be premised that none of the substantial rights of plaintiff •or defendant are here involved. Whatever may be our decision the title remains unaffected. The claim of the plaintiff that he had an absolute right to the injunction demands a passing notice.
The injunction was not issued under those articles of the Code of Practice construed in several cases (in regard to which we at this time express no opinion, as it is not necessary in deciding the ease) as securing, as a matter of right, an injunction upon affidavit and required bond.
The injunction issued under Art. 303 of the Code of Practice, in *1347 which are the words: “may grant injunctions ” in matter of the court’s authority, different from the words in the other articles mandatory in terms.
As the asserted mandatory law, Art. 298 of the Code of Practice, invoked by the counsel for plaintiff, does not apply, we think that this disposes of the proposition, that the law being mandatory, injunction must issue and remain without a dissolving bond. We have seen that Art. 303 is not mandatory.
It devolves upon us at this time to determine whether the grounds were sufficient to authorize the court to grant the order, allowing the defendant to bond the injunction.
The nature and extent of the possession are not plain on the face of the papers.
The evidence in aid of the pleadings hereafter may show all that is required to sustain possession. In the present condition of the case it is not possible with any degree of certainty to determine the entire area of land of which the plaintiff had possession.
We do not wish to be understood as questioning in the least the sincerity of plaintiff, in alleging that he was in possession. It may be that he was in possession, and that the evidence will abundantly prove the fact. At this period of the litigation we do not think that the possession claimed is established.
Evidence is necessary to show possession. It is undetermined, at this time, and undeterminable.
In the eases to which our attention has been directed, possession was virtually admitted. There was a manifest intention to divest the one in possession, and it was evident that the divestiture would have been attended with injury irreparable in character.
In the case under consideration there is uncertainty as to the pos - session of the property.
The damages, in case it be decided that plaintiff is entitled to possession, are all provable and can be compensated in dollars and cents. The delay can be, at most, of a few months, and in the meantime there is a bond conditioned for the delivery of the property in the same condition as when the injunction issued, and for. the payment of all damages the plaintiff suffers.
The plaintiff himself has fixed a value upon the injury alleged which the bond is intended to cover, if it be as alleged.
The temporary suspension of the sales of town lots and the pos *1348 session for a time of land may, if without right, cause a loss, not, however, irreparable. Although the plaintiff alleges and sincerely thinks that the loss is irreparable, the court is not concluded by the sworn averment. Crescent City Live Stock Landing and Slaughterhouse Company vs. Police Jury, 32 An. 1192, 1197.
We are loath to disturb the action of the District Court in thus having granted the motion to dissolve on bond. The matter of needful delay, prior to trial on the merits and other circumstances, were peculiarly within his knowledge.
His judgment, in this view, it entitled to consideration.
It is affirmed at appellant’s costs.