(37 South. 534.)

No. 15,407.

STATE ex rel. JENNINGS–HEYWOOD OIL SYNDICATE v. DEBAILLON, Judge.

(Nov. 21, 1904.)

SUSPENSIVE APPEAL — EFFECT—INJUNCTION—DISSOLUTION—POSSESSORY ACTION—SEQUESTRATION.

1. A person who had entered into possession of property for the purpose of extracting oil therefrom under an oil and mineral lease was made defendant in a possessory action, and an injunction issued against him, restraining him from taking any further steps in the premises. On the trial of the case, defendant's rights were recognized and ordered to be enforced; plaintiff's demand being rejected and dismissed, and the injunction set aside. Plaintiff, however, obtained and perfected a suspensive appeal from the judgment. The effect of the appeal was to hold matters in abeyance until the rights of the parties had been finally passed upon on the appeal.

Under such circumstances, defendant could not legally claim and obtain in a possessory action instituted by himself during the pendency of the appeal a counter injunction against the plaintiff, and through such injunction nullify the first injunction and reverse the situation.

The district court could consistently, however, upon defendant's making a proper showing, place the property in the custody of the court, through the sheriff, under a sequestration, and so hold it until the decision of the case on appeal.

(Syllabus by the Court.)

Application by the state, on the relation of the Jennings-Heywood Oil Syndicate, for writ of mandamus to Conrad Debaillon, judge. Denied.

Chappuis & Holt and Gilbert L. Dupré, for relator. Respondent judge pro se. D. Caffery & Son, J. Sully Martel, Hampden Story, and James L. Dormon, for respondent Houssiere-Latreille Oil Company.

Statement of the Case.

NICHOLLS, J. On the 17th of October, 1904, in the matter of the Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Company (No. 2,120 on the docket of the Eighteenth Judicial District court for the parish of Acadia), a writ of injunction was granted on the petition of the plaintiffs by F. M. Fontenot, chief deputy clerk for said court, in the absence from that parish of the district judge and the district clerk, directed against the defendants the Houssiere-Latreille Oil Company and others, enjoining and prohibiting them from carrying on any operations for the purpose of boring and constructing wells by means of which to extract oil and gas from the western 40 acres of that part of section 47, township 9 south, of range 2 west, known as the "Latreille Tract," being the same property covered by the oil and mineral lease executed by Arthur Latreille in favor of S. A. Spencer on April 19, 1901, by act recorded in the office of the clerk of court of Acadia parish, on April 20, 1901.

This order was carried into execution by the issuing and service of the writ of injunction referred to.

The Houssiere-Latreille Oil Company having applied for the dissolution of the injunction so obtained (for reasons assigned), the plaintiff in injunction was ordered by the district judge to show cause why said application should not be granted.

The same company (the Houssiere-Latreille Oil Company) also made application to dissolve said injunction on bond (pending this action on motion to dissolve the injunction absolutely), alleging that any injury to the plaintiff would not be irreparable.

The plaintiff in injunction was ruled to

show cause why this particular prayer should not be granted.

The rule having gone to trial, the court ordered the injunction to be dissolved upon the execution by defendant in injunction of a bond for $1,000.

In his ruling on that subject the district judge used the following language:

"Plaintiff contends that on an application to bond the allegations of the petition [for injunction] are to be taken as true; that the allegations show that the injury sought to be avoided was irreparable." But the allegations of irreparable injury are not conclusive. Breaux's Digest, p. 42, No. 15. Nor do these allegations take away from the judge all discretion to dissolve the bond. Breaux's Digest, p. 425, No. 20.

"In passing upon these questions, we must not lose sight of the case of Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, now pending before the Supreme Court (No. 15,-304). In that case plaintiff alleged that it had been in possession for more than one year. It alleged trespass on the part of the defendant, and obtained an injunction to prevent further trespass, and for the removal of a derrick constructed thereon by the defendant. It is true that the judgment of the district court was in favor of the defendant, but the plaintiff perfected a suspensive appeal therefrom, and lodged the same in the Supreme Court.

"The question was, and now is, 'Who is entitled to the possession of these 40 acres?' Hence it is now evident that the injury is irreparable, or that the order to bond operates a change of possession of the property involved. Cameron v. Godchaux, 48 La. Ann. 1345, 20 South. 710."

The plaintiff in injunction (the Jennings-Heywood Oil Syndicate) next applied to the district court for a suspensive appeal from this last-mentioned ruling, but the district judge refused to grant the appeal; saying that the court having dissolved the injunction on bond, on the ground that the injury was not irreparable, it followed that it could not consistently grant the appeal prayed for.

The present application for a mandamus followed.

The district court was ordered to send the record up, and the district judge ruled to show cause why the mandamus should not be granted.

In relator's petition to this court for relief, it recited the fact of its having filed a suit (No. 2,130 on the docket of the Acadia court) entitled "Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Co." It annexed to its petition, as part thereof, a transcript of the record in that case, the documents filed, the evidence heard, and the proceedings had therein, and then declared that reference to that transcript would show that in that proceeding an injunction at its instance, directed to the Houssiere-Latreille Oil Company and others, had been granted, but that later the district court had permitted that injunction to be dissolved on a bond, and that it had also refused to grant it (the plaintiff in injunction) a suspensive appeal from the order permitting such bonding, which refusal, it asserted, worked it an irreparable injury.

In the petition which was filed by the Jennings-Heywood Oil Syndicate in the district court in support of its right to the injunction which it prayed for against the Houssiere-Latreille Oil Company and others, it averred that in April, 1901, a contract was entered into whereby Arthur Latreille leased to S. A. Spencer, his successors and assigns, certain described property in the parish of Acadia for 10 years, for the sole and only purpose of mining and operating for oil, gas, and laying pipe lines, and of building tanks, stations, and structures thereon, to take care of said products, on the terms and conditions fixed in said contract; that said contract was recorded in Acadia parish on April 20, 1901; that on April 24, 1901, S. A. Spencer transferred and assigned to S. A. Spencer & Co. all the rights which he had acquired from said contract with Latreille, this contract to S. A. Spencer & Co. being recorded on April 26, 1901; that on February 8, 1902, by notarial act before St. Germain, notary, recorded in Acadia parish on February 10, 1901, S. A. Spencer & Co. transferred to the Jennings-Heywood Oil Syndicate all the rights which they had acquired from S. A. Spencer, so that it became invested with all the rights which had been acquired by S. A. Spencer from Arthur Latreille; that it and its authors had

faithfully complied with each and every obligation incurred by S. A. Spencer; that, the commencement of operations on the premises having been delayed beyond the time fixed therefor, it and its authors had on or before October 19, 1901, January 19, 1902, and April 19, 1902, respectively, paid to the said Latreille the sum of $50 ($150 in all) as the rental stipulated to be paid to him quarterly in the event of delay in the commencement of said operations; that on or about July 19, 1902, such operations not having yet been commenced, it tendered to Latreille the additional sum of $50 for the quarter commencing July 19, 1902, and that said Latreille, without assigning any good and sufficient reason therefor, declined to accept said tender; that like tenders of like sums were made by it to said Latreille on or before October 19, 1902, January 19, 1903, April 19, 1903, July 19, 1903, October 19, 1903, respectively, as rentals payable in advance under the said contract, but that, without assigning any good and sufficient reason, the said Latreille refused to accept the tenders; that by reason of these facts it was legally excused from commencing the said operations prior to April 19, 1904, at least; that the said Latreille not only acquiesced in the said delay, but never even put it in default with reference to any of Spencer's obligations under the contract; that it was further legally excused from commencing operations under the said contract because on December 6, 1901, the Cochran Oil & Development Company instituted in the court of Acadia parish the suit No. 1,901, to which Latreille was a party defendant, praying to be recognized as the owner of the tract of 40 acres referred to; that said suit was decided by the court against the plaintiff on July 28, 1902, but the plaintiff promptly appealed from the judgment, but that it was affirmed on appeal, and became final on January 18, 1904; that shortly after the affirmance of the judgment the plaintiff carried the cause to the Supreme Court of the United States on writ of error, which was still pending in that court; that it (the Jennings-Heywood Oil Syndicate) promptly after the decision of said suit in the state Supreme Court commenced operations on said land by erecting a derrick and placing machinery thereon, with the bona fide intention of immediately mining and operating for oil and gas, and that it was actually engaged in boring a well for that purpose, when, on January 15, 1904, in the matter of cause No. 1,881 on the docket of the court for Acadia parish, entitled "Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate," upon the demand of the plaintiff in that suit, the latter company was served with the writ of injunction, prohibiting it from further prosecuting the said work as above stated, in spite of the fact that in operating under the said contract it had expended considerable time, labor, and money; that although the injunction was dissolved by judgment of the district court signed May 14, 1904, the injunction had been kept in force by the said Houssiere-Latreille Oil Company by reason of a suspensive appeal which it perfected from said judgment, which was still pending and undetermined; that the land covered by the lease of April 14, 1901, was the western 40 acres of that part of section 47 in township 9 south, of range 2 west, known as the "Latreille Tract"; that the Houssiere-Latreille Oil Company, claiming to own the said land by virtue of mesne conveyance emanating from said Latreille, but executed and recorded long after the execution and registry of the said oil and mineral lease of April 19, 1901, and taking advantage of the injunction by which it (the Jennings-Heywood Oil Syndicate) was virtually ousted from the said property, had taken possession of the same, and was, in violation of its rights under the contract of April 19, 1901, actively engaged in the operation of boring wells for the purpose of extracting oil from the said land and appropriating it, although

under its contract it had the exclusive right of mining and operating for oil and gas on said land, and of laying pipe lines and building tanks, stations, and structures thereon, to take care of said products, for the term of 10 years; that said act of the Houssiere-Latreille Oil Company and its aiders and abettors and assigns are continuing, and constitute a trespass against the rights of the Jennings-Heywood Oil Syndicate under its contract of April 19, 1901, and that the said operations, as also the threatened taking and appropriating of the oil from the said land, would cause it irreparable injury, and that it feared the Houssiere-Latreille Oil Company, and its aiders and abettors and assigns, might take advantage of their possession of the said property and their acts of trespass to sell or dispose of the said oil during the pending of the suit it was then bringing, and that an injunction directed against them from doing any or all of the acts complained of was necessary for the protection of its rights in the premises, as also for the preservation of the oil during the pending of the said appeal, and of the suit for the purpose of preventing them from dilapidating the property and doing the other acts complained of in the said appeal of the suit. The prayer of the petition was that a writ of injunction issue against them, prohibiting them from carrying on any operations whatever for the purpose of boring and constructing wells by means of which to contract oil and gas from the said 40 acres of land covered by its lease of April 19, 1901, or any of the acts referred to, and that they be duly cited, and said injunction perpetuated until the final determination of the said appeal in the suit 1,881, and until it should be finally determined as to the possession and ownership of the rights claimed by it under the said oil and mineral lease.

It prayed that there be judgment in its favor against them, recognizing and enforcing the rights claimed as the successor and assign of S. A. Spencer under the said oil and mineral lease, and that especially it be decreed by virtue of said contract, and in compliance with the terms and conditions thereof, to be vested with the sole and exclusive right of mining and operating for oil and gas on the said land, and of laying pipe lines and of building tanks, stations, and structures thereon to take care of the said products; that they be perpetually enjoined from doing any of the acts complained of, and from in any manner molesting, impeding, or interfering with it in the free and untrammeled exercise of the rights conferred by the said oil and mineral lease, as claimed, and for general relief.

The district judge, in his answer to the rule to show cause why the mandamus prayed for should not be granted, declared that he was entitled to decide primarily whether the acts prohibited by the injunction were such as could work an irreparable injury to the plaintiff, and, when he had exercised the right so vested in him in favor of the right of the defendant in injunction to have the injunction dissolved on bond, he could not consistently grant a suspensive appeal from his ruling. He averred that the ground of his action was that it was not evident that the injury was irreparable, or that the order to bond operated a change of possession of the property involved. He filed with his return or answer the record in the suit of Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, pending on appeal in the Supreme Court. The Houssiere-Latreille Oil Company showed for cause against the granting of the suspensive appeal that it was in the actual possession of the tract of land involved in the controversy between itself and the Jennings-Heywood Oil Syndicate in the possessory action then pending on appeal in the Supreme Court, and there was then in the Supreme Court under advisement an application for a mandamus, having for its purpose the maintenance of a

writ of sequestration for the seizure of the oil produced from said premises by it; that pending the possessory action the Jennings-Heywood Oil Syndicate had lately instituted a petitory action in the Eighteenth District Court for the parish of Acadia, and therein it had obtained an injunction forbidding the Houssiere-Latreille Oil Company from exercising any rights of possession upon the premises, and especially from boring for oil thereon, and that a motion to dissolve said injunction was filed by it (the Houssiere-Latreille Company) upon the ground that pending the possessory action no petitory action could be instituted; that a sequestration had already been issued in the possessory action in favor of the plaintiff in said injunction suit (the Jennings-Heywood Oil Syndicate), under which sequestration it now had adequate protection for all its alleged rights, and could not obtain during the existence of said sequestration the further benefit of a writ of injunction forbidding it from producing oil at all upon said premises; that in its said possessory action the Houssiere-Latreille Oil Company had enjoined the Jennings-Heywood Oil Syndicate from trespassing upon said property, and said writ had issued to protect it in the full and undisturbed possession thereof; that the effect of the injunction lately issued in the petitory action of the Jennings-Heywood Oil Syndicate, forbidding the Houssiere-Latreille Oil Company from boring for oil thereon, would directly nullify the first of said injunctions, and amount to setting aside, ex parte and upon mere affidavit, the injunction of the Houssiere-Latreille Oil Company; that under the 40 acres of land involved in this controversy and the land immediately adjoining there appeared to exist a large and immensely valuable pool of oil; that said oil was being rapidly drawn therefrom through one well upon the property of the Houssiere-Latreille Company, and through about ten wells upon the property

of L. Arnaudet and others, immediately adjoining it to the north; that the wells upon the property of L. Arnaudet had been placed there by or through the Jennings-Heywood Oil Syndicate; that all the wells lie within a narrow strip of territory, and located so closely to each other as to practically draw the oil from the same pool beneath; that there are no gushing wells anywhere on the Jennings oil field, of which this property is a part, except those upon the property of the Houssiere-Latreille Company and of said Arnaudet and others; that the well upon the property of the Houssiere-Latreille Oil Company was gushing at the rate of about 2,000 barrels a day, and the wells upon the Arnaudet property were gushing at the rate of 30,000 barrels a day, and it was greatly to the interest of the Jennings-Heywood Oil Syndicate for this state of affairs to continue as long as possible, every day adding immensely to the stock of oil taken through the Arnaudet wells from said oil pool; and it averred and believed that the application on the part of the Jennings-Heywood Oil Syndicate for mandamus and for the maintenance of its injunction herein was not made in good faith, but solely for the malicious, dishonest, and fraudulent purpose of enabling it to retard the boring of wells upon the property of the Houssiere-Latreille Company, in order that oil might be taken from under same through the wells upon the Arnaudet tract; that the said injunction being merely a cumulative remedy to the rights of the Jennings-Heywood Oil Syndicate—if any it had—in and to the oil produced upon the land of the Houssiere-Latreille Company, in view of the existence of the aforesaid sequestration, said injunction was not only illegal in law, but causeless in fact.

The Houssiere-Latreille Company protested against the issuing by the Supreme Court of any restraining order in the case before the application of the Jennings-Heywood Oil

Syndicate for mandamus was passed upon, averring such order would do it an irreparable injury. It prayed that, before issuing any such restraining order, it would first require a transcript of all the proceedings had be sent up, in order that the illegality and causelessness of the injunction might appear.

It averred that, even if the Jennings-Heywood Syndicate should be finally decreed entitled to the oil and mineral rights of the aforesaid property, there would still remain in the Houssiere-Latreille Company an uncontested one-eighth in and to all of said oil, as had already been shown in the said possessory action, and that the amount of oil which it would lose in having its one-eighth of oil diverted through the Arnaudet wells would be considerable if the restraining order should be issued.

It declared that it relied upon article 55 of the Code of Practice as an absolute bar to the bringing of the petitory action in which the said injunction was issued, and upon the decision in State ex rel. Gravois v. Judge, 33 La. Ann. 760, for its contention that, if the action be entertained at all, the counterwrit of injunction, destroying that which was issued in the possessory action, was illegal, and for its position, that, being in possession of the property, it could not be ousted by injunction, and was entitled to bond any injunction which might issue to disturb its possession. It referred to the cases of Railroad Company v. Railroad, 36 La. Ann. 561; Schmidt v. Foucher, 37 La. Ann. 174; and State ex rel. Sterken v. Judge, 37 La. Ann. 825.

The evidence shows that the first proceeding taken in the district court between the Houssiere-Latreille Oil Company and the Jennings-Heywood Oil Syndicate was the petition filed therein by the first-named company on the 24th of ———, 1903. In that petition the plaintiff alleged that it had been in actual, peaceable, and uninterrupted possession as owner for more than one year of certain described property; that it had acquired said property from Arthur Latreille and Eugene Houssiere by notarial act of sale, duly recorded, at which time Latreille and Houssiere were in the actual, peaceable possession of the same for more than a year previously, they themselves having acquired said property by notarial acts of sale dated February 26, 1901, which were duly recorded; that lately the Jennings-Heywood Oil Syndicate had disturbed it (the petitioner) in its aforesaid possession and enjoyment of said property by entering upon and interfering with petitioner's possession of said tract by the erection of a derrick thereon, and by pretending to prepare for boring for oil thereon; that said disturbance had taken place within one week of the filing of its petition, and the said disturbance was real and continuing, and was causing petitioner, and would continue to cause it, unless enjoined, irreparable injury; that an injunction should issue to quiet it in the possession of the whole of said property, and to command the removal of the derrick constructed upon its property. It prayed for citation upon the Jennings-Heywood Oil Syndicate, and that there be judgment against that company, quieting petitioner in its possession of the property, and especially of that part upon which the derrick had been constructed, and restoring petitioner the possession held by it before said disturbance. It prayed that a writ of possession issue. It further prayed that an injunction issue forbidding and restraining any trespassing such as had been described upon any part of the property by the Jennings-Heywood Oil Syndicate, and commanding that the derrick constructed upon the property be removed.

The injunction was ordered to issue as prayed for on petitioner's furnishing bond. A bond was executed, and an injunction was issued and served. On the 25th of February, 1904, the Jennings-Heywood Oil Syndi-

cate answered. After pleading the general issue, it admitted that at the time of the service of the writ of injunction it was in possession of a part of the property described, but averred that it was in the lawful possession of the same, for reasons which it specially set out. It prayed that petitioner's demand be rejected and dismissed, and the injunction dissolved and set aside; that it be decreed itself to be lawfully entitled to the possession of the property for the purposes stated in its answer, and it recover a judgment for damages arising from the injunction.

The case went to trial, and resulted in a judgment of the district court decreeing that the Jennings-Heywood Oil Syndicate have judgment against the Houssiere-Latreille Oil Company, and the demands of the latter be rejected and dismissed at its costs, and that the injunction which had issued be dissolved and set aside. The demand of the defendant for damages was dismissed as of nonsuit, under reservation of its right to renew said demand in another suit. The plaintiff applied for and obtained on the 1st of May, 1904, an order for a suspensive appeal, which appeal it perfected. The appeal is pending in the Supreme Court under the number 15,304.

After this appeal had been perfected the Jennings-Heywood Oil Syndicate, as plaintiff, instituted a suit against the Houssiere-Latreille Oil Company in the Acadia court, in which it set out its rights under a lease of the property referred to on the 19th of April, 1901, by Arthur Latreille to S. A. Spencer, which had been assigned by S. A. Spencer to S. A. Spencer & Co., and by it to the Jennings-Heywood Oil Syndicate. The allegations of this petition and the rights declared upon were substantially the same as those which that company had set out as the defendant in the first suit. It went on, however, to declare that shortly after the 18th of January, 1904, it commenced operations on the property by erecting a derrick and placing machinery thereon, with the bona fide intention of immediately mining and operating for oil and gas, and that it was actually engaged in boring a well for that purpose, when, on January 15, 1904, it was served with a writ of injunction in cause No. 1,881 of the docket of the district court for Acadia parish, entitled "Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate," prohibiting it from further prosecuting said work and from entering upon the said property, in spite of the fact that in operating under its contract it had expended considerable time, labor and money; that although the said injunction was dissolved by judgment of the District Court on May 4, 1904, it had been kept in force by the Houssiere-Latreille Company by reason of a suspensive appeal which the latter had perfected from the judgment, which appeal was still pending undetermined in the Supreme Court; that the Houssiere-Latreille Oil Company, claiming to own said property by virtue of a conveyance to it from Latreille, executed and recorded long after the lease from Latreille to S. A. Spencer & Co. from S. A. Spencer, and from S. A. Spencer & Co. to the Jennings-Heywood Oil Syndicate, had been executed and recorded, taking advantage of the aforesaid injunction, through which it had virtually ousted it from the property, had taken possession of it, and was then, in violation of its rights, actively engaged in the operation of boring wells upon the property for the purpose of extracting oil and appropriating it, though the Jennings-Heywood Oil Syndicate had had the exclusive rights of mining and operating for oil on the same; that these acts were acts of trespass against the rights of the Jennings-Heywood Oil Syndicate, and the threatened taking and appropriation of the oil from the land would work irreparable injury to the latter, and it feared that the Houssiere-Latreille Oil Company might take advantage of its possession of said property,

and their said acts of trespass, to sell or dispose of the oil during the pendency of the appeal in the suit No. 1,901, and of the pending of the suit it was then instituting; that it was necessary for the protection of the company's rights during the appeal that a writ of injunction issue against the Houssiere-Latreille Oil Company, prohibiting it from doing any of the acts complained of, and from dilapidating the property pending the appeal. It prayed accordingly for the injunction declared to be necessary and continued until it should be finally determined who was entitled to the possession and ownership of the rights claimed. It prayed further for judgment in its favor against defendant, recognizing and enforcing the rights which it claimed in the petition under the contract of lease, and that the Houssiere-Latreille Oil Company be perpetually enjoined from in any manner molesting, inspecting, or interfering with the petitioner in the exercise of its rights.

An injunction was by the chief deputy clerk of the district court ordered to issue as prayed for. The injunction was accordingly served upon the Houssiere-Latreille Oil Company.

The latter company, before answering to the merits, moved to dissolve the injunction on various grounds. The first objection was that at its instance, in the suit of Houssiere-Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, it had obtained an injunction protecting it in the possession and enjoyment of the real estate referred to, and restraining the Jennings-Heywood Oil Company from interfering with its said possession; that said suit was tried in the district court, and was then pending undetermined in the Supreme Court, under a suspensive appeal, which it had perfected from the judgment; that by reason of said appeal the injunction taken in the district court still remained in full force; that the effect of the said injunction would be impaired by the issuing of the second injunction, same being counter to and destructive of the first; that the issuing of the counter injunction was an invasion of the appellate jurisdiction of the Supreme Court and in disobedience of the suspensive appeal.

The second objection was that in the prior suit the Jennings-Heywood Syndicate presented a petition after the suspensive appeal was perfected, setting out the same alleged disturbance of its pretended possession of the property described, and, for the prevention of same and the preservation of its alleged rights, it obtained from the district court a writ of judicial sequestration against the oil being produced upon the premises, and that in causing the issuance of said writ it elected its remedy, and could not be heard to demand the same remedy through another writ, which it was attempting to do, and to this extent lis pendens exists, and bars the exercise of the remedy attempted, and that the court, having issued the aforesaid sequestration, had exhausted its jurisdiction for the conservation of its alleged rights; that there was then pending in the Supreme Court an application of the Jennings-Heywood Oil Syndicate for a writ of mandamus to compel the granting to it of a suspensive appeal from an order dissolving the said sequestration, and that in said matter the Supreme Court had rendered an order maintaining the status quo, and that this order had been violated by the issuing of the last injunction; and that this constitutes a further disobedience of the authority of the Supreme Court, and a usurpation on the part of the officer issuing the last writ of injunction.

The third objection was that the allegations of the petition did not entitle petitioner to an injunction.

On the 29th of October the district court, assigning for its ruling the reasons hereinbefore stated, ordered the dissolution of the injunction upon execution by the Houssiere-Latreille Oil Company of a bond for $1,000.

An application for a suspensive appeal from this order having been refused, the present application for a mandamus has been made to compel the granting of such appeal.

## Opinion.

We are of the opinion that the mandamus applied for herein should not be granted. The effect of the perfecting by the Houssiere-Latreille Oil Company of the suspensive appeal which had been granted it from the judgment of the district court in the suit brought by it against the Jennings-Heywood Oil Syndicate, dismissing the plaintiff's demand, and setting aside the injunction which had issued at his instance, was to hold the suit in court and to maintain the injunction in force until the final determination of the cause in the Supreme Court. The defendant in injunction, in order to obtain relief from such an existing condition of things, which it could not accomplish through a counter injunction, was forced to have recourse to an application to the court for a writ of judicial sequestration, which would, if granted, transfer the possession from both of the litigants, and place possession and control of the property in the hands of the court itself. This remedy and relief the Jennings-Heywood Oil Syndicate could, consistently with the existence of the suspensive appeal, ask, and the court could allow, if it thought the fact of possession doubtful and uncertain. Article 58 of the Code of Practice declares that when each of the parties to a possessory action alleges that he had the possession of the property, and both of them bring suit on the allegation of having been disturbed in their possession, if the fact of possession be doubtful and uncertain the judge shall maintain in possession the one of the parties who shall appear to him the most apparent possessor, or he may, at the parties' request, order the sequestration of the property until the question of ownership shall have been decided.

Upon the application made to it by the Jennings Syndicate, the court granted the sequestration prayed for. Subsequently, on application made to it by the Houssiere-Latreille Oil Company to be permitted to bond the sequestration, subject to its right to have later the sequestration set aside absolutely, the court permitted the latter company to do so on execution of a small bond. The Jennings-Heywood Oil Syndicate thought the bond too small, and prayed to have the amount increased, while the Houssiere-Latreille Oil Company, on its part, prayed for the setting aside absolutely of the sequestration, upon the claim that the court was powerless to grant any sequestration, by reason of the effect of the suspensive appeal in the first suit. The court adopted this last view, and not only did not increase the amount of the bond, but set aside the sequestration absolutely, directing the sheriff to deliver the property to the Houssiere-Latreille Oil Company, and refused to grant the Jennings-Heywood Oil Syndicate a suspensive appeal from this order. Thereupon that company obtained from the Supreme Court the issuing of a rule upon the district judge to show cause, under stay of proceedings, why a mandamus prayed for should not issue, commanding him to grant the appeal. On the trial of this rule this court ordered the mandamus to issue.

If, under this condition of affairs, the Houssiere-Latreille Oil Company undertook to do anything inconsistent with the rights of the Jennings-Heywood Oil Syndicate under the writ of sequestration, and the order of court directing the rule to show cause to issue, the remedy of that company was through a rule of contempt, and not through a counter order of injunction. The rights of the company were safeguarded, and are now safeguarded, by the order of sequestration, and by the rule upon the district judge granted by the Supreme Court to show cause (under an order for a stay of proceedings)

why the suspensive appeal should not be granted.

We do not think the particular relief asked for, through an injunction, should be granted.

Relator's application is denied.